■ JUAN R. TACTUK, as Administrator of the Estate of MERCEDES TACTUK, Deceased, Appellant, v. ANDREW FREIBERG et al., Respondents.— Judgment of the Supreme Court, Queens County, entered June 27, 1966, affirmed, with one bill of costs to respondents jointly. This wrongful death action, based upon medical malpractice, was brought against the attending personal physician and the hospital in which the patient died approximately four hours after her admission for treatment of a threatening miscarriage. The jury found in favor of the physician and against the hospital. The trial court thereafter granted a motion to set aside the jury verdict against the hospital and dismissed the complaint as against the hospital. We are of the opinion that the court below was correct in ruling that plaintiff had failed to sustain his burden of proof. The opinion of plaintiff's medical expert as to the proper course of treatment and its causal relationship to the death of the patient was to a major degree based on his assumption that there had been an acute loss of blood in the four days prior to the death. There is no evidentiary basis for such an assumption. The proof, not only of defendants but of plaintiff himself, is to the contrary. Opinion evidence must be based on facts in the record or personally known to the expert witness. Without these facts there is no basis for the opinion and a finding of liability bottomed on such an opinion cannot be permitted to stand (*Cassano* v. *Hagstrom*, 5 N Y 2d 643, 646; *Filanowicz* v. *Guarino*, 27 A D 2d 666). Even if we did not agree that a dismissal of the complaint is proper, we nevertheless would not reinstate the jury verdict in favor of plaintiff against the hospital. Plaintiff's expert absolved the hospital's resident doctor from any malpractice and a verdict against the hospital predicated on that doctor's involvement cannot stand. We would hold on the facts that any verdict predicated on the acts of the nurse is clearly against the weight of the evidence. This would require a new trial solely against the hospital if we were not disposed to dismiss the complaint. Thus, though we believe the court below erred in ruling that the testimony of the nurse had to be accepted as a matter of law, this does not affect the final decision which must be made in this case. The same holds true for the erroneous ruling of the court, made during trial outside the presence of the jury, that the notation in the nurse's notes about the passing of blood clots must be deemed to refer to bleeding which had occurred prior to the patient's admittance to the hospital. The jury verdict in favor of the attending personal physician is clearly warranted on this record. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.